UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PAUL WATKINS,

               Petitioner,

      -against-

ROBERT ERCOLE,

               Respondent.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 11, 2011

06 Civ. 15222 (PAC) (GWG)

<u>ORDER ADOPTING R&R</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

    <u>Pro se</u> petitioner Paul Watkins ("Watkins") seeks habeas relief following his February 15, 2002 conviction in New York State Supreme Court, Bronx County of two counts of Attempted Murder in the Second Degree and one count of Robbery in the First Degree. He requests relief based on any of the following claims: (1) ineffective assistance of trial and appellate counsel; (2) the trial court's failure to properly adjudicate his speedy trial motions; (3) the admission of a complainant's hearsay testimony in violation of the Confrontation Clause of the Sixth Amendment; (4) the trial court's failure to disqualify an interpreter for speaking a different dialect than the witness; (5) the line-up in which he was identified was unduly suggestive; (6) the trial court's failure to charge to jury on the suggestive and speculative nature of the identification; (7) the admission of an unduly prejudicial letter from Watkins to his co-defendant; (8) the prosecution's use of the allegedly perjured testimony of Watkins's co-defendant; (9) the imposition of consecutive sentences on offenses that arose out of a single transaction. (<u>See</u> Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, July 8, 2006 ("Pet.") (Dkt. 2); Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Feb. 23, 2007 ("Am. Pet.") (Dkt. 4).)

On March 16, 2007, this Court referred the general pretrial matters and dispositive motions in the case to Magistrate Judge Gabriel W. Gorenstein. (Dkt. 7.) On September 9, 2008, Magistrate Judge Gorenstein issued a Report & Recommendation ("R&R"), recommending that the Court deny the Petition. (Dkt. 30.) After receiving several extensions, Watkins filed late objections to the R&R on November 14, 2008. (Dkt. 33.) The Court has reviewed the R&R and Watkins's objections. For the reasons that follow, the Court adopts Magistrate Judge Gorenstein's findings and recommendations in full and denies Watkins's petition.

## BACKGROUND

I.  Facts[1]

   A.  Speedy Trial Motion

On November 20, 2000, Watkins was indicted by a grand jury on numerous charges, including attempted murder and robbery. (R&R at 1; Affidavit in Opposition to Petition for Habeas Corpus, filed May 22, 2007 ("Resp. Aff.") (Dkt. 9), at ¶ 15.) On June 27, 2001, Watkins moved to dismiss the charges against him on speedy trial grounds under N.Y. Crim. Proc. Law §§ 30.20 and 30.30 ("Speedy Trial Motion"), arguing that there were over 180 days countable against the state since the commencement of the action against him. (R&R at 2; Notice of Motion, June 27, 2001 (Resp. Aff. Ex. 4).) Justice Patricia A. Williams of the New York State Supreme Court, Bronx County denied the motion on September 4, 2001, finding that there were only 111 days chargeable to the state. (Decision and Order, Sept. 4, 2001 (Resp. Aff. Ex. 6) ("30.30 Dec.").)

Before trial, Watkins's trial counsel, Robert Bornstein, moved for reconsideration of the decision on the Speedy Trial Motion. (Notice of Motion, Dec. 3, 2001 (Resp. Aff. Ex. 10).) Bornstein argued that a cooperation agreement between the Bronx County District Attorney's

---

[1] The facts are taken from the R&R, unless otherwise noted.

2

Office and Watkins's co-defendant Jonathan Keitt was probative of the fact that the prosecution was not ready for trial by the time determined in Justice Williams's decision, "since the prosecution was unwilling to proceed to trial against the defendant without first securing the co-defendant as a witness against the defendant." (Id. at 7.) Justice Williams orally denied the motion on December 6, 2007 because a "defendant, any defendant, has a right to make whatever agreements he wishes with the prosecution . . . at whatever time they see fit.". (Transcript, Dec. 6, 2007, at 8-14 (Dkt. 13).) Justice Williams found that, after reading the Grand Jury minutes, "the People had a case. The evidence was sufficient. . . . The People don't become unready simply because they acquire better or more information or evidence nor are they compelled to be unready because their case gets better. That's essentially the entirety of this motion . . . ." (Id. at 10.)

   **B.  Trial**

Watkins was tried in January and February of 2002. (R&R at 3.) On February 15, 2002, the jury found Watkins guilty of two counts of Attempted Murder in the Second Degree and one count of Robbery in the First Degree. (Id. at 3-4.) On May 22, 2002, Watkins was sentenced to two consecutive prison terms of 20 years on the attempted murder counts, and a concurrent prison term of 10 years on the robbery count. (Id. at 4.)

Bornstein made a post-trial motion requesting relief on several grounds.[2] (R&R at 4; Resp. Aff. Ex. 11.) The motion was denied in all respects. (R&R at 4; Resp. Aff. Ex. 12.)

---

[2] The motion sought an order setting aside the verdict; an order granting discovery and disclosure of fingerprint comparison evidence; an order directing the District Attorney to submit certain property for the court's in camera inspection; an order directing the District Attorney to make witnesses available; an order dismissing the indictment pursuant to Brady v. Maryland; an order granting the defendant permission to inspect the Grand Jury minutes; and an order dismissing the indictment on the ground of improper presentation to the Grand Jury. (R&R at 4; Resp. Aff. Ex. 11.)

### C. State Court Appeals

Alireza Dilmaghani of the Furman Law Firm represented Watkins in his appeal to the Appellate Division, First Department. Dilmaghani submitted a brief on March 5, 2002. (Brief for Defendant-Appellate, Mar. 5, 2002 (Resp. Aff. Ex. 13) ("Pet. App. Br.").)[3] Watkins moved for permission to submit a supplemental brief, pro se, raising additional arguments—including that the trial court erred in failing to dismiss the indictment on speedy trial grounds[4]—and requested court documents so that he could complete his brief. (R&R at 5-6.) The First Department denied the motion. (R&R at 6.)

On November 4, 2004, the First Department affirmed Watkins's conviction, making findings on all of Watkins's claims. People v. Watkins, 786 N.Y.S.2d 133 (N.Y. App. Div. 1st Dep't 2004); R&R at 6. Watkins's leave to appeal to the New York Court of Appeals was denied on March 31, 2005. People v. Watkins, 829 N.E.2d 684 (2005). The Court of Appeals also denied Watkins's application for reconsideration of the decision to deny leave to appeal. People v. Watkins, 834 N.E.2d 1275 (2005).

### D. CPL § 440.10 Motion to Vacate

On May 19, 2006, Watkins submitted a Petition for a Writ of Habeas Corpus in state court, which was converted into a CPL § 440.10 motion to vacate the judgment. (Decision and Order, Dec. 6, 2006 (Resp. Aff. Ex. 20), at 1.) The motion argued that his conviction should be

---

[3] This brief argued that (1) the trial court erred by allowing the complainant to testify through an interpreter who did not speak complainant's dialect and by denying Watkins's subsequent request for a mistrial; (2) the trial court erred by failing to charge the jury on the suggestiveness and inaccuracy of Watkins's line-up and in-court identification; (3) the prosecution failed to prove its case beyond a reasonable doubt and knowingly used perjured testimony of Watkins's co-defendant, Keitt; (4) the trial court erred by denying Watkins's motion to suppress a letter he wrote to Keitt and refusing to redact portions of the letter that referred to shared proceeds; (5) the trial court erred by denying Watkins's motion to dismiss the indictment on the basis of Grand Jury impairment or prosecutorial misconduct; and (6) the trial court erred by sentencing Watkins's to consecutive terms for offenses that arose out of a single act. (R&R at 5; Pet. App. Br. at 3-4.)

[4] Watkins also argued that the complainant gave false testimony about the alleged perpetrators of the robbery and what was stolen from him; and that the prosecutor acted improperly in the presentation to the Grand Jury. (R&R at 5; Affidavit in Support of Motion for Permission to File a Supplemental Appeal Brief, Mar. 18, 2004 (Resp. Ex. 15).)

set aside on several grounds, all revolving around the disposition of his Speedy Trial Motion. (Resp. Aff. Ex. 18.) On December 6, 2006, Judge Peter J. Benitez of New York State Supreme Court denied Watkins's motion on procedural grounds because he could have raised these claims on direct appeal. (Decision and Order, Dec. 6, 2006 (Resp. Aff. Ex 20), at 4.)  Watkins's request for leave to appeal the decision was denied by the First Department on May 1, 2007. (R&R at 8.)

### E.  Petition for Writ of Habeas Corpus

Watkins submitted to this Court, pro se, an original petition on December 18, 2006 and an amended petition on March 2, 2007.  These petitions jointly assert four grounds for relief:  (1) ineffective assistance of trial and appellate counsel; (2) the trial court's failure to adjudicate the Speedy Trial Motion and the substance of that motion; (3) appellate counsel's failure to appeal the issue of complainant's inconsistent identification of Watkins; and (4) improper admission of hearsay testimony. (Pet.; Am. Pet.; R&R at 8-9.)

Because Watkins submitted a mixed petition, containing both exhausted and unexhausted claims, Magistrate Judge Gorenstein allowed him until June 29, 2007 to request a stay of his habeas petition while he exhausted his state court remedies. (Order, May 25, 2007 (Dkt. 10), at 1.)  Watkins claimed that respondents failed to respond timely to his amended petition and, therefore, were precluded from opposing it; and also denied that his amended petition was a mixed petition. (Affidavit in Reply to Respondent's Opposition to Petition for Writ of Habeas Corpus, June 18, 2007 (Dkt. 28).)

On September 28, 2007, Watkins wrote to Magistrate Judge Gorenstein seeking a stay of his habeas petition and listing the claims he sought to exhaust in state court. (Letter from Paul Watkins, Sept. 28, 2007 (Dkt. 29).)  The Court ordered Watkins's petition to include all claims in

5

his petition, amended petition, and the September 28 letter, to the extent that it included new claims. (Order, Nov. 19, 2007 (Dkt. 21).)

## II. Magistrate Judge Gorenstein's R&R

Magistrate Judge Gorenstein issued an R&R on September 9, 2008, recommending that this Court deny Watkins's petition.

### A. Ineffective Assistance of Counsel

Under Strickland v. Washington, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "any deficiencies in counsel's performance [were] prejudicial to the defense." 466 U.S. 668, 688, 692 (1984). In evaluating the first prong—whether counsel's performance fell below an objective standard of reasonableness—"judicial scrutiny . . . must be highly deferential," and the petitioner must overcome the "presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Cone, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689)). To satisfy the prejudice requirement, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Although Magistrate Judge Gorenstein found that Watkins's ineffective assistance of counsel claims were not exhausted, he denied them on the merits. (R&R at 14-18.) He found "Watkins's conclusory assertion that his trial counsel 'failed to advocate . . . to the best of his knowledge'" to be insufficient; and rejected Watkins's assertions that his trial counsel abandoned his Speedy Trial Motion before it was properly adjudicated by failing to obtain a written opinion from the court denying the motion for reconsideration. (Id. at 15-16.) Magistrate Judge

Gorenstein likewise concluded that Watkins failed to show that his appellate counsel was ineffective. (Id. at 16-18.)

### B. Additional Issues Raised in Habeas Petition

Magistrate Judge Gorenstein found no merit in Watkins's remaining claims either. (R&R at 18-42.) Regarding the failure to properly adjudicate the Speedy Trial Motion, Magistrate Judge Gorenstein concluded that "federal habeas corpus relief does not lie for errors of state law." (Id. at 22 (citing cases).)

As to the alleged admission of hearsay testimony before the Grand Jury and at trial, Magistrate Judge Gorenstein did not review the statements made before the Grand Jury due to Watkins's ultimate conviction before a petit jury; and concluded that the statements introduced at trial were properly admitted as nontestimonial hearsay statements under the standards of Crawford v. Washington, 541 U.S. 365 (2005) and Davis v. Washington, 547 U.S. 813 (2006). (R&R at 23.)

On Watkins's claim about the interpreter, Magistrate Judge Gorenstein determined that there was no Confrontation Clause violation because Bornstein was able to cross-examine the witness extensively, elicited responsive answers to all his questions, and thus was "able to get to all the points that an experienced Defen[se] counsel would normally make." (R&R at 24-28.)

On Watkins's claim that the line-up in which he was identified was suggestive due to the fact that he was the only one wearing a bright orange shirt, Magistrate Judge Gorenstein examined the line-up photographs and found "no basis to conclude that the decision to admit the line-up identification was an unreasonable application of federal law." (R&R at 32.)

As to the failure to charge the jury on the suggestive and speculative nature of Watkins's identification, Magistrate Judge Gorenstein determined that there had been "no showing that the

7

trial court's jury instruction either misstated the law or violated a right guaranteed under federal law," and further noted that the "trial judge used text from New York's standardized Criminal Jury Instructions," and that the trial judge "instructed the jury in accordance with Watkins's argument that he had been mistakenly identified in the line-up." (Id. at 34.)  Since Magistrate Judge Gorenstein also determined that the line-up was not duly suggestive, "no special jury instruction was required beyond what the trial judge provided." (Id.)

On Watkins's claim that his letter to co-defendant Keitt was more prejudicial than probative and should have been excluded, Magistrate Judge Gorenstein found that Watkins did not show error under New York law, let alone the U.S. Constitution. (Id. at 37.)

Magistrate Judge Gorenstein also rejected Watkins's claim that the prosecutor's use of Keitt's testimony deprived him of his Due Process rights because Keitt had given prior inconsistent statements about the events of the crime.  He found that Keitt's inconsistencies were properly before the jury to make their own credibility findings, (id. at 38), and further that there was no evidence that the testimony "was or should have been known to the prosecution to be false." (Id. 38-39.)

Finally, on Watkins's claim that his convictions arose out of a single transaction, making consecutive sentences improper, Magistrate Judge Gorenstein found the sentences proper and not in violation of the federal Constitution, citing to the Eighth Amendment's prohibition only against "extreme sentences that are grossly disproportionate to the crime." (Id. at 40-41.)

### III.  Watkins's Objections and District Attorney's Response

After receiving an extension until October 27, 2008, Watkins submitted untimely objections to the R&R on November 14, 2008. (Objections to the R&R ("Obj.") (Dkt. 33.)  The

8

District Attorney's Office submitted a letter responding to the objections on December 5, 2008. (Letter from Rither Alabre, Assistant District Attorney, Dec. 5, 2008 ("DA Let.").)

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court reviews the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

After reviewing the objections and responding letter, the Court finds no basis for objection to Magistrate Judge Gorenstein's R&R.

## I. Ineffective Assistance of Counsel Claim

Watkins spends most of his lengthy objections providing evidence of his appellate counsel's ineffective assistance. (Obj. at 20-48.) Watkins fails, however, to satisfy the rigorous Strickland standard. First, he raises new factual assertions not in his original petition or his opposition to the respondent's response, (DA Let. at 2), including a conflict of interest between himself and appellate counsel, (e.g., Obj. at 27, 42); and the claim that appellate counsel's law firm, the Furman Law Firm, was a criminal enterprise (e.g., id. at 21, 23-24, 34, 37, 39.) This Court cannot consider these factual allegations in an objection to the R&R because they were not before the Magistrate Judge. See, e.g., Forman v. Artuz, 211 F. Supp. 2d 415, 419 n.8 (S.D.N.Y. 2000).

9

Even if his claims were considered, however, Watkins misapplies New York State and Second Circuit law in claiming that appellate counsel's alleged involvement in criminal activities requires a per se reversal based on ineffective assistance of counsel, avoiding the required showing of prejudice. (Obj. at 37-39.)  This is not the law.  The cases to which Watkins cites to support this conclusion are inapposite in that they involve laymen not, as here, a legally licensed attorney allegedly brought up on disciplinary charges. See, e.g., Solina v. United States, 709 F.2d 160, 164 (2d Cir. 1983); People v. Felder, 47 N.Y.2d 287, 291-92 (1979).  No Second Circuit or New York opinion has found other circumstances to warrant per se reversal of a conviction without a showing of prejudice.  The facts of this case are so "unique," as Watkins argues, to warrant such a reversal. (Obj. at 39-40.)  Indeed, appellate counsel raised six arguments in its brief, sought leave to appeal the First Department's decision, and sought reconsideration of the denial of leave to appeal. (R&R at 17.)  Moreover, Watkins provides no documentation or other evidence demonstrating that the trial court incorrectly decided the Speedy Trial Motion. Accordingly, Watkins fails to meet the rigorous Strickland standard.

## II. Additional Claims

Watkins's other arguments do not contradict the Magistrate Judge Gorenstein's conclusions.  Among other things, he complains of several immaterial issues, including that: (1) his state petition for a writ of habeas corpus was improperly converted to a CPL § 440.10 motion (Obj. at 4, 8); (2) the appellate records in the record are incomplete and missing documents, such as his bail application, pro se reargument motion, motion for reconsideration of the denial of leave to appeal to the Court of Appeals, (id. at 6); (3) Magistrate Judge Gorenstein mischaracterized the underlying crime, (id. at 5); (4) Magistrate Judge Gorenstein was biased against Watkins, (id. at 9); and (5) Magistrate Judge Gorenstein improperly executed his Report

and Recommendations before Watkins's state court writ of error coram nobis was resolved, (id. at 12.) Since Magistrate Judge Gorenstein analyzed each of Watkins's claims on the merits, regardless of whether or not they had been exhausted in state court, there was no need to wait for the state court procedures to conclude. In addition, the cited missing records, alleged mischaracterization of the underlying crime in the R&R, and conversion of his state court habeas petition to a motion to vacate his conviction do not impact the decision made by the Court.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full and denies Watkins's petition for a writ of habeas corpus. As Watkins has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of Court is directed to enter judgment accordingly, and close this case.

Dated: New York, New York
April 11, 2011

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Paul Watkins
#02-A-3678
Five Point Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

Rither Alabre
Bronx District Attorney Office
198 East 161st Street
Bronx, NY 10451